UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| *IN RE:*<br>LUANNA GARCIA-MARTZ,<br>*Debtor*. | Case No.: 25-31324-pes<br>Chapter 13 |

# Memorandum Decision on the Trustee's Objection to Application for Compensation


I. Introduction ... - 3 -

II. Jurisdiction and Venue ... - 4 -

III. Facts ... - 5 -

IV. Analysis of the Trustee's Brief ... - 8 -

A. Brief's Arguments: Section I(A) and I(B) statutory construction mandates that the Trustee, as disbursement agent, disburse the funds to Debtor and not Debtor's attorneys. ... - 8 -

1. Section 1326: The majority view applies because it is more specific than general Code provisions. ... - 9 -

a) Section 1326(a): Chapter 13 requires preconfirmation payments. ... - 9 -

b) Section 1326(a)(2): A Trustee's roadmap for disbursement of funds when a Chapter 13 plan is not confirmed. ... - 10 -

c) Section 503(b): Administrative compensation and reimbursement under § 330(a). ... - 12 -

d) Section 330(a)(4)(B): Compensation for attorney work, in Chapter 13 cases. ....- 14 -

e) Section 330(a)(3): Compensation for relevant factors, including time, rate, and customary compensation. ....- 14 -

2. The Court found cause under § 349 to revest the property to Debtor's attorneys. ....- 16 -

B. Brief's Argument: *Sweeports* is "binding case law" that requires the Court to return the funds to Debtor and not Debtor's attorneys. ....- 22 -

C. Brief's Argument: "Harm Created by a Contrary Ruling – Burden Shifting"…. ....- 23 -

D. Brief's Argument: "Debtor's Ability to Compromise/Contract with Trustee" . ....- 24 -

V. Brief's Shortcomings under Indiana Rules of Professional Conduct and the Federal Rules of Bankruptcy Procedure. ....- 26 -

VI. Conclusion ....- 35 -

The issue before the Court is how a Chapter 13 trustee should disburse funds from the estate when the Court does not confirm a Chapter 13 plan and dismisses the case.

## I. Introduction

The Bankruptcy Code,[1] requires a debtor to make plan payments to the Chapter 13 trustee before a bankruptcy court confirms a debtor's plan. Section 1326(a)(1).[2] Under most circumstances, a Chapter 13 trustee does not distribute any of a debtor's payments until the court confirms or denies a debtor's Chapter 13 plan.[3] The Court never confirmed Debtor Garcia-Martz's Chapter 13 Plan.

Debtor's attorneys, Geraci Law LLC, ask the Court to award the firm attorney fees from the funds the Chapter 13 Trustee currently holds. The Trustee argues: (I) the timing of Debtor's Application for attorney fees prohibits the Court from

---

[1] Aside from Section I of this Decision, when the Court discusses jurisdiction and venue, all future references to statutes will be to Title 11, the Bankruptcy Code.

The Code does not capitalize "Title" or "Chapter." *See, e.g.,* § 503. Many courts capitalize Title and Chapter. *See, e.g.*, *Marshall v. Johnson*, 100 F.4th 914, 918 (7th Cir. 2024). For consistency purposes, this Decision capitalizes Title and Chapter, unless the quoted material does not capitalize Title and Chapter.

This Decision uses "§" and "Section" interchangeably. "Section" is used after a sentence's period, and "§" is used in the middle of sentences.

[2] Section 1326(a)(1) states, "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier …"

[3] *In re Lewis*, 346 B.R. 89, 109 (Bankr. E.D. Pa. 2006).

granting their Application, and (II) the agreement among Debtor, Debtor's attorneys, and the Trustee, requires the Court to distribute the funds to Debtor, and then Debtor would release those funds to Debtor's attorneys. The Court rejects both arguments and orders the Trustee to pay Geraci Law directly.

## II. Jurisdiction and Venue

### A. Jurisdiction Statutes and Local Rules

This Court has subject matter jurisdiction. Federal district courts have "original and exclusive jurisdiction" of all cases under Title 11 of the United States Code. 28 U.S.C. § 1334(a). Geraci Law's administrative claim is a "core proceeding." *Id.* § 157(b)(2)(B) (explaining core proceedings include "[a]llowance or disallowance of claims against the estate"). Bankruptcy courts have exclusive jurisdiction over disputes involving attorney fees. *In re Edgewater Sun Spot, Inc.*, 183 B.R. 938, 943 (N.D. Fla. 1995), *aff'd sub nom. Edgewater Sun v. Pennington & Haben*, 84 F.3d 438 (11th Cir. 1996); *In re Garris*, 496 B.R. 343, 354 (Bankr. S.D.N.Y. 2013).

Bankruptcy courts are units of their district court. 28 U.S.C. § 151. District judges may refer bankruptcy cases to the bankruptcy judges in their district. *Id.* § 157. The District Court for the Northern District of Indiana has referred all its bankruptcy cases to the Bankruptcy Court for the Northern District of Indiana. *Id.* § 157(a); N.D. Ind. L.R. 200-1(a).

### B. Ancillary Jurisdiction

The Court also has "ancillary jurisdiction." The Seventh Circuit described ancillary jurisdiction as "clean up" jurisdiction because bankruptcy courts use it to address any minor loose ends of a case. *In re Sweports, Ltd.*, 777 F.3d 364, 367 (7th

Cir. 2015). Bankruptcy courts may retain ancillary jurisdiction for fee applications post dismissal. *Id*. at 367-68; *In re Garris*, 496 B.R. 343, 354 (Bankr. S.D.N.Y. 2013); *In re Merovich*, 547 B.R. 643, 649 (Bankr. M.D. Pa. 2016); *In re Elias*, 188 F.3d 1160, 1164 (9th Cir. 1999).

C. Venue

The South Bend Division is the proper venue for Debtor's case. 28 U.S.C. § 94(a) (identifying La Porte County as a county belonging in the South Bend Division, a division within the Northern District of Indiana).[4]

## III. Facts

A. Debtor files her bankruptcy Petition and Plan but then moves to dismiss her case before confirmation.

On August 8, 2025, Geraci Law, on Debtor's behalf, filed her Chapter 13 Petition [Doc 1] and Chapter 13 Plan. [Doc 6.] Once the attorneys filed the Petition, the automatic stay went into place.[5] The Court set a plan confirmation hearing for November 6, 2025. [Doc 9.] At the hearing, one of Debtor's attorneys orally moved to dismiss the case. [Docs 32, 33.] The Court granted the request but stated, "[a]ny entity wishing to file a request for payment of an administrative expense under 11 U.S.C. § 503(b) shall file the request within 14 days from the date of this order." [Doc 33.]

---

[4] Debtor resides in La Porte County, Indiana. [Doc 1 at p. 2.]

[5] 11 U.S.C. § 362(a); *In re Swindle*, 584 B.R. 259, 264 (Bankr. N.D. Ill. 2018) ("The automatic stay is a self-executing provision of the Bankruptcy Code and begins to operate nationwide, without notice, once a debtor files a petition for relief") (citing *In re Wilson*, 536 B.R. 218, 221-22 (Bankr. N.D. Ill. 2015)).

B. Geraci Law applies for compensation, files a proposed order, and notifies parties that they must object.

Debtor's attorneys filed their Application for Compensation timely. [Doc 36.] In two and one-half pages, Debtor's attorneys listed the time they spent on performing duties, including: interviewing Debtor, deciding whether to file a Chapter 7 or 13 petition, preparing for and attending the 341 meeting, communicating with Debtor and the Trustee, drafting the Plan, and reviewing documents. [*Id.* at pp. 3-5.] Further, Debtor's attorneys listed their hourly rates and included the number of years each attorney has practiced law. [*Id.*] Senior attorneys worked for 13 years or more and billed at $425 or $450 per hour, while one attorney, who has only practiced for two years, billed at $300 per hour. [*Id.*]

The Application says nothing about settlement or an agreement between parties, nor did it ask the Court to return the funds to Geraci Law through Debtor. The Attorneys' Application simply requested, "that the balance of Attorney fees in the amount of $1,785 be ordered in the instant case and to grant such other relief as this Court deems just and proper." [*Id.* at p. 1.]

Geraci Law's proposed order [Doc 36-2.] did not match the firm's Application. The proposed order stated, "Trustee shall disburse any funds on hand at dismissal to the Debtor – Care of Geraci Law LLC." [*Id.*] The form of order did not state that

Debtor, Debtor's attorneys, and the Trustee agreed to the proposed order, nor did those three entities sign the proposed order.[6]

Geraci Law informed Debtor, creditors, and the Trustee that if they objected to the law firm's Application, they must file their objection on or before December 11, 2025. [Doc 37.] If they did not file their objection by that time, the Court may grant the attorneys' request without having a hearing. [*Id.*] On the other hand, if they did object, the Court would set a hearing. [*Id.*]

C. The Trustee objects to the Application.

The Trustee, the only party opposing the Application, timely filed her Objection. [Doc 38.] At the hearing, the Trustee was not prepared to argue the Objection and asked for additional time to file a supporting brief. [Docket Entry 01/22/2026.] The Court granted the request, and 34 days later, the Trustee filed her Brief.[7] [Doc 41.] The Brief's outline is as follows:

> I. Timing of any post-dismissal administrative claim would be inappropriate for Trustee to disburse**.**
>
> A. Duties and Authority of the Chapter 13 Trustee as Disbursement Agent set by statute
>
> B. Statutory Construction
>
> C. Binding Caselaw Supports Return of All Funds at Denial of Confirmation
>
> D. Harm Created by a Contrary Ruling – Burden Shifting

---

[6] In this Court, when parties tender an agreed order, they customarily communicate that the parties agree to the order by writing, "reviewed and agreed to by ____" and sign their name.

[7] Geraci Law did not respond to the Trustee's Objection or Brief.

II. Debtor's Ability to Compromise/Contract with Trustee

The Court includes additional facts pertaining to the Trustee's individual arguments in the relevant sections below.

## IV. Analysis of the Trustee's Brief

### A. *Brief's Arguments: Section I(A) and I(B) statutory construction mandates that the Trustee, as disbursement agent, disburse the funds to Debtor and not Debtor's attorneys.*

For Parts I(A) and I(B) of the Brief, it appears the Trustee's argument highlights a split that the Seventh Circuit has yet to resolve – whether § 1326(a)(2) or § 349(b)(3) controls when a bankruptcy court dismisses a Chapter 13 case pre-confirmation. The majority of courts conclude that § 1326(a)(2) controls, and therefore, a trustee must disburse funds to entities (like debtors' attorneys) who have an allowed administrative claim before returning any remaining funds to the debtor. *In re Nelums*, 617 B.R. 70, 74 (Bankr. D.S.C. 2020) (citing *Wheaton*, 547 B.R. 490, 498-99 (B.A.P. 1st Cir. 2016)) (citations omitted); *In re Kirk*, 537 B.R. 856, 860-61 (Bankr. N.D. Ohio 2015); *In re Fairnot*, 571 B.R. 767, 771 (Bankr. E.D. Mich. 2017); *Matter of Hightower*, No. 14-30452-EJC, 2015 WL 5766676, at *5 (Bankr. S.D. Ga. Sept. 30, 2015); *Merovich*, 547 B.R. at 648; *In re Ward*, 523 B.R. 142 (E.D. Wis 2014); *In re Rogers*, 519 B.R. 267, 273 (Bankr. E.D. Ark. 2014); *In re James*, 490 B.R. 795, 798 (Bankr. N.D. Ill. 2013).

Under the minority view, § 349(b)(3) requires a trustee to release the funds to a debtor. That Code section requires funds to "revest[ ] in the entity in which such property was vested immediately before the commencement of the case under this title," which, the Trustee seems to argue, would be Debtor, not Debtor's attorneys.

Section 349(b)(3); *In re Lewis*, 346 B.R. 89 (Bankr. E.D. Pa. 2006); *Nelums*, 617 B.R. at 74 (citations omitted) (explaining that § 349 controlling over § 1326 is the minority view).

The Trustee's Brief is unclear, at times, about which Code provision it is citing. It uses words from both statutes but often omits the Code citations. In short, the Court rejects the Brief's arguments under I(A) and I(B) and finds:

- § 1326(a)(2) applies because it is the more specific Code provision that controls Chapter 13 cases, whereas § 349(b)(3) has general applicability across all chapters;
- § 349(b)(3) does not apply, but even if it did, the Court's "finding cause" and "ordering otherwise" requires the Trustee to disburse the funds to Debtor's attorneys; and
- Contrary to the Brief's assertions, under the facts here, § 1326(a)(2), not § 349(b)(3), returns the parties closest to their prepetition status.

**1. Section 1326: The majority view applies because it is more specific than general Code provisions.**

As explained in more detail in sections (a)-(e) below, §§ 1326(a); 503(b); and 330(a)(4)(B) allow attorneys to be compensated for the work they perform in unconfirmed Chapter 13 cases.

a) <u>Section 1326(a): Chapter 13 requires preconfirmation payments.</u>

Section 1326(a)(1) requires, under most circumstances, a debtor to make plan payments before a debtor's confirmation hearing: "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of

the filing of the plan or the order for relief, whichever is earlier." A debtor may make "adequate protection" payments to a Chapter 13 trustee so that the trustee may pay a particular secured creditor pre-confirmation payments. Section 1326(a)(2); *In re Brown*, 348 B.R. 583, 590 (Bankr. N.D. Ga. 2006); Keith M. *Lundin, Lundin On Chapter 13*, § 39.9.[8]

b) Section 1326(a)(2): A Trustee's roadmap for disbursement of funds when a Chapter 13 plan is not confirmed.

Section 1326(a)(2) explains that if a court dismisses a case before the plan is confirmed, the Chapter 13 trustee must deduct allowed administrative claims under § 503(b) – the Code section that governs administrate expenses – then return the remaining funds to the debtor. Section 1326(a)(2) states:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. **If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)**

(emphasis added).

Thus, here, § 1326(a)(2) operates as follows:

(1) Under the first sentence in § 1326(a)(2), Debtor made pre-confirmation plan payments.

[8] LundinOnChapter13.com (last visited April 29, 2026).

(2) The Chapter 13 Trustee held those payments until the Plan was confirmed or denied.

(3) Under the third sentence in § 1326(a)(2), the Plan was not confirmed. Accordingly, the Trustee must first deduct unpaid § 503(b) claims, which, as the next section of this Decision explains, can be Debtor's attorney fees, and then return the funds to Debtor (or appropriate creditors under some circumstances, none of which apply here).

The third sentence in § 1326(a)(2) is clear and only becomes operative if the court does not confirm a plan. *In re Kerr*, 570 B.R. 76-77 (Bankr. N.D. Ind. 2017). The third sentence is a specific Code provision for Debtor's scenario and is more applicable than any general Code provisions. *Kirk*, 537 B.R. at 860-61; *Wheaton*, 547 B.R. at 498-99; *Merovich*, 547 B.R. at 648.

The general Code provision, the part of the Bankruptcy Code the minority view approach uses, is § 349(b)(3), which states, "**Unless the court, for cause, orders otherwise**, "a dismissal of a case … revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." Section 349(b)(3) (emphasis added). As the Court will show below, with the facts in this case, the emphasized language will become important. Even if this Court were to adopt the minority view, the language in its order dismissing this case mandates the Trustee pay Geraci Law its attorney fees.

This Court agrees with the majority of courts that have concluded that when a Chapter 13 case is dismissed pre-confirmation, § 1326(a)(2), not § 349(b), controls.

*Nelums*, 617 B.R. at 74 (citing *Wheaton*, 547 B.R. at 498-99) (explaining that the majority of courts conclude that § 1326(a)(2) is the controlling statute regarding disbursement of funds once a Chapter 13 case is dismissed preconfirmation) (citations omitted); *see Kirk*, 537 B.R. at 861; *Fairnot*, 571 B.R. at 771 (citations omitted); *Hightower*, 2015 WL 5766676, at *6 (citation omitted); *Merovich*, 547 B.R. at 648; *Ward*, 523 B.R. at 148; *Rogers*, 519 B.R. at 271; *Garris*, 496 B.R. at 352; *James*, 490 B.R. at 798; *Kerr*, 570 B.R. at 76 (citations omitted).

Therefore, the Trustee must disburse, as directed by § 1326(a)(2), all pre-confirmation payments to Debtor, "**excluding only those amounts specifically exempted by the statute (i.e., . . . § 503(b) administrative expenses).**" *In re Soussis*, 136 F.4th 415, 437 (2d Cir. 2025) (emphasis added) (citations omitted). Next, the Court turns to administrative expenses under § 503(b).

c) <u>Section 503(b): Administrative compensation and reimbursement under § 330(a)</u>

Section 503(b) addresses administrative expenses and allows a court to award attorneys compensation and reimbursement under § 330(a). The Court <u>underlines</u> the portion the Trustee focuses on in § 503(b)(1)(A) but **bolds** the language the Court finds applicable.

> (b) After notice and a hearing, there shall be allowed administrative expenses … including—
>
> (1)
>
> (A) the actual, necessary costs and expenses of preserving the estate …[9]
>
> (2) **compensation and reimbursement awarded under section 330(a) of this title**;

(emphasis added). The Brief makes a critical error. It relies on the underlined text – the text in § 503(b)(1)(A) – without considering the bold text – the text in § 503(b)(2). Section 503(b) allows different types of administrative expenses. A § 503(b)(2) administrative expense does not require the administrative expense to be incurred by the estate. *In re Perdido Motel Grp., Inc.*, 115 B.R. 340, 343 (Bankr. N.D. Ala. 1990); *In re Argento*, 282 B.R. 108, 116 (Bankr. D. Mass. 2002); *Rogers*, 2023 WL 6938150, at *2; 3 Collier on Bankruptcy P 330.03 [1][v] (16th 2026). In fact, § 503(b)(2) does not reference the estate. *Perdido Motel Grp.,* 115 B.R. at 343. Attorney fees are considered an allowable administrative expense under 11 U.S.C. § 503(b)(2). *Matter of Malaspina*, 30 B.R. 267, 269 (Bankr. W.D. Pa. 1983). An appropriate § 503(b)(2) administrative expense may also include compensation and reimbursement awarded under § 330(a).

[9] Trustee quotes, this language, "preserving the estate," but does not cite any Bankruptcy Code provisions or case law. [Doc 41 at p. 7.] The Court believes she is citing § 503(b).

d) Section 330(a)(4)(B): Compensation for attorney work, in Chapter 13 cases

Section 330(a)(4)(B) allows attorneys for Chapter 13 debtors to be compensated for the work attorneys performed in representing the debtors, even if the attorneys' work does not benefit the estate:

> In a Chapter 12 or **Chapter 13** case in which the debtor is an individual, the court may allow reasonable compensation **to the debtor's attorney for representing the interests of the debtor** in connection with the bankruptcy case **based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section**

(emphasis added); *In re Steen*, 631 B.R. 704, 709 (Bankr. N.D. Tex. 2021) ("Section 330(a)(4)(B) essentially creates an exception to the general rule that fees are compensable from the estate only if the services benefit the estate"); *In re Williams*, 378 B.R. 811, 823 (Bankr. E.D. Mich. 2007) (Section 330(a)(4)(B) (same)); 3 Collier on Bankruptcy P 330.03[1][b][v] (16th 2026) (same).

Therefore, whether the services rendered benefited the estate is not the proper question to ask here. Congress intended for debtors' attorneys in Chapter 13 cases to be compensated from the estate, even when the estate received no direct benefit from the attorneys' services. *In re Walsh*, 538 B.R. 466, 475 (Bankr. N.D. Ill. 2015) (citations omitted).

e) Section 330(a)(3): Compensation for relevant factors, including time, rate, and customary compensation

Section 330(a)(3) explains how courts should consider reasonable compensation and lists factors a court may take into account:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> > (A) the **time** spent on such services;
> >
> > (B) the **rates** charged for such services;
> >
> > (C) whether the services were necessary to the administration of, or **beneficial at the time at which the service was rendered** toward the completion of, a case under this title;
> >
> > (D) **whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem**, issue, or task addressed;
> >
> > (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> >
> > (F) **whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners** in cases other than cases under this title

(emphasis added). When a Chapter 13 debtor's plan is not confirmed, and the debtor's attorneys seek administrative expenses, the attorneys must show they "provided substantial, valuable professional services including investigation, evaluation, and counseling that was intended and designed to achieve an objective appropriate for Chapter 13 cases." *Garris*, 496 B.R. at 350.

Here, Geraci Law acted reasonably because they provided substantial, valuable, and professional services that were consistent with the complexity of the problems. The more experienced attorneys billed at either $425 or $450 per hour. The

one junior attorney billed at $300 per hour. Based in this Court's review of other attorney fees in Chapter 13 cases, Geraci Law's rates and the amount of time the attorneys spent on the tasks are consistent with other attorneys' rates and time in the Northern District of Indiana. The Geraci Law attorneys' actions benefited Debtor. The automatic stay went into effect once Geraci Law filed Debtor's Petition. Section 362(a); *In re Swindle*, 584 B.R. 259, 264 (Bankr. N.D. Ill. 2018) (citing *In re Wilson*, 536 B.R. 218, 221-22 (Bankr. N.D. Ill. 2015)).

The automatic stay gave Debtor "a breathing spell" from her creditors. *Swindle*, 584 B.R. at 263 (quotation omitted). The attorneys also interviewed Debtor. They evaluated whether a Chapter 7 petition was better than a Chapter 13 petition. Even though the Court did not confirm Debtor's Plan, the attorneys' counseling intended and was designed to achieve an objective appropriate for Chapter 13 cases. Thus, the Court holds, after careful review, that Geraci Law's Application for Compensation, Doc 36, shows a clear benefit to Debtor and is reasonable. Geraci Law's Application for Compensation is allowed under §§ 503(b)(2) and 330(a).

2. **The Court found cause under § 349 to revest the property to Debtor's attorneys**.

Again, the Court finds the majority's approach to the § 1326(a) - § 349(b) debate to be the more logical approach. But for argument's sake, even if the Court applied the minority view and concluded that § 349(b) applied, the Trustee still must disburse the funds she holds to Debtor's attorneys. The Court's order dismissing the case implied that there was cause to not have the funds that the Trustee held dispersed to Debtor. Rather than dismiss the case, the Court allowed parties to

request an administrative expense within 14 days. The Court did exactly what § 349(b)(3) contemplated. It ordered "otherwise" and did not dismiss the case immediately.

The Trustee argues policy considerations should be the reason the Court uses § 349(b)(3). The Trustee states: (1) timing may be an issue, and that the claim must have already been allowed prior to case dismissal [Doc 41 at p. 4-5], and (2) "§ 349(b) is broad and serves to undo the bankruptcy case to the extent possible – to put all parties in the positions they were in before the case was filed. *See* In re Hamilton, 493 B.R. 31, 38 (Bankr. M.D. Tenn. 2013)." [Doc 41 at p. 11.]

First, to address the timing argument, this Court, like many other courts, concludes, the Trustee's argument is mistaken. Accepting the Trustee's argument would encourage, "earlier and more frequent fee applications." *Garris*, 496 B.R. at 350. Additionally, the Trustee's argument "would 'add complexity to the Chapter 13 process and compel the expenditure of an inordinate amount of attorney and judicial resources on the fee allowance process.'" *Id.* (quotation omitted). Courts may order Chapter 13 trustees to disburse funds in unconfirmed cases on "unpaid claim[s] that **might** be allowed under 11 U.S.C. § 503(b)." *In re Pynn*, 676 B.R. 819, 821 (Bankr. W.D.N.Y. 2026) (emphasis added); *see also Matter of Malaspina*, 30 B.R. 267, 269 (Bankr. W.D. Pa. 1983) (explaining that attorney's fees are an allowable § 503(b)(2) administrative expense); *see also James*, 490 B.R. at 798-99 (explaining that compensation and reimbursement awarded under § 330 is an allowed claim when there is no plan confirmation). Even when a Chapter 13 plan has not been confirmed

or gets converted, a trustee still has authority under § 1326(a)(2) to be the distributing agent. *Wheaton*, 547 B.R. at 497; *see also Fairnot*, 571 B.R. at 771 (holding that once the case is dismissed, pre-confirmation, debtor's attorney may refile their fee application and if it is granted the trustee must disburse funds to counsel before returning funds to the debtor).

Second, the Trustee's 349(b) argument is wrong for another reason. The Trustee cites *In re Hamilton*, 493 B.R. 31, 38 (Bankr. M.D. Tenn. 2013), but that case does not apply. In *Hamilton*, Chief Judge Lundin **confirmed** debtor's plan. *Id*. at 32, 33 (emphasis added). In this case, the Court never confirmed Debtor's Plan.

Third, even if *Hamilton* did apply, the holding hurts the Trustee's argument. There, the *Hamilton* court stated, at least four times, under § 349(b), property vests with the debtor, unless the court orders "otherwise." *Id.* at 39, 44, 45 (**UNLESS THE COURT, FOR CAUSE, ORDERS OTHERWISE**) (bold and capitalization in the original). *Id*. at 44. The court also said, "[b]ankruptcy courts have statutory discretion to order otherwise". *Id*. at 46. In fact, the *Hamilton* court held that "undistributed funds held by the trustee must be returned to the debtors after notice and opportunity for parties in interest to ask the court to order otherwise." *Id.* And that is precisely what the Court did here. It ordered otherwise.

Figures 1 and 2 below summarize the major provisions from §§ 1326(a) and 349(b). In sum, the Court agrees with the majority, but even if the Court were to adopt the minority approach, the Court would still be correct. The Court rejects the Trustee's policy arguments and the case law she cites because the case law does not

apply. But even if the case law the Brief cites did apply, those cases would cut against the Trustee's arguments.

*Figure 1: Attorney Compensation in Ch. 13 (Majority)*



*Figure 2: § 349(b)(3) Dismissal of a Case (Minority)*

**(Minority)**

- Applies to all bankruptcy chapters
- When a case is dismissed, returns property to pre-petition status - unless the court orders otherwise

B. Brief's Argument: *Sweports* is "binding case law" that requires the Court to return the funds to Debtor and not Debtor's attorneys.

The Trustee's Brief is wrong for three reasons. First, *Sweports* does not apply. *In re Sweports Ltd.*, 777 F.3d 364 (7th Cir. 2015). In *Sweports*, the Seventh Circuit reversed the bankruptcy court when the bankruptcy court erroneously concluded that it did not have jurisdiction to determine whether the Chapter 11 creditors' attorney was entitled to attorney fees, after the bankruptcy court dismissed the case. *Id.* at 365, 368. *Sweports* does not apply because:

- *Sweports* was a Chapter 11 case, and this case is a Chapter 13 case. As discussed above, § 330(a)(4)(B), allows Chapter 13 attorneys to be compensated when their work benefits the debtor.
- The issue in *Sweports* was whether the bankruptcy court had the jurisdiction to order payment of fees (as opposed to "determining an entitlement to fees") on the attorney's second request for work. *Id.* at 365. Previously, the attorney made an interim request for fees, and the Court granted the request. *Id.* at 365, 366.
- The attorney in *Sweports* requested an award for attorney fees as creditor's counsel. *Id.* at 365-366. Here, Geraci Law firm represents Debtor, not creditors.

Geraci Law is not *yet* a creditor (but would be, if the Court adopted the Trustee's approach). Geraci Law represents Debtor; § 1326(a)(2) (and even under the Trustee's incorrect approach, § 349(b)(3)) allows the law firm to ask for payment as

an administrative expense. But if the Court accepted the Trustee's approach, as discussed below, the firm would become a creditor. Thus, the Trustee should disburse the funds directly to Geraci Law.

The Brief also cites *Marshall v. Johnson*, another case from the Seventh Circuit. *Marshall v. Johnson*, 100 F.4th 914, 917 (7th Cir. 2024). It is unclear whether the Brief considers *Marshall* binding case law because it only discusses it in the section labeled "Statutory Construction." Still, the Court finds *Marshall* inapplicable. The issue in *Marshall* was whether Chapter 13 trustees could deduct their own fees before disbursing the remaining funds back to debtors. *Id*. at 916. The case was *not* about distribution of all fees as the Trustee's Brief indicates. The Seventh Circuit explained that neither exception under § 1326(a)(2) applies to Chapter 13 trustees' fees. *Id*. at 917. Further, § 503(b) did not apply in *Marshall*. *Id*. (citation omitted) (explaining that a Chapter 13 trustee fee is not considered a § 503(b) administrative expense). Here, § 503(b) is a central Code provision for this Courts particular issue.

Thus, different from what the Brief says, *Sweports* nor *Marshall* apply, and there is no other "binding" case law that mandates the Court order the Trustee to disburse the funds to Debtor and not Debtor's attorneys.

C. *Brief's Argument: "Harm Created by a Contrary Ruling – Burden Shifting"*

Section (I)(D) of the Brief states, "Harm Created by a Contrary Ruling – Burden Shifting," and the first sentence in this section reads, "Trustee fees are not compensation to the Trustee, but instead are reimbursement to the Trust for costs …." [Doc 41 at p. 9.] The Brief also says, "shifting costs for disbursements that are

not required to be made by the Trust to the Trust by ordering such disbursements shifts those costs to all <u>other</u> debtors," and "Trustee simply requests that this Court order that any reasonable compensation due and owing to Applicant be ordered to be paid by Debtor directly." [Doc 41 at p. 9] (emphasis in original).

The Court does not understand how the Trustee distributing the funds to Debtor instead of Debtor's attorneys shifts a burden or harms other debtors. Further, the Trustee did not support the argument with statutes, rules, case law, or data. The arguments pertained to whether the Trustee could be compensated for the Trustee's expenses in unconfirmed Chapter 13 cases. They make no sense here, and the Court disregards them.

D. *Brief's Argument: "Debtor's Ability to Compromise/Contract with Trustee"*

The Trustee states that Debtor, Debtor's attorneys, and the Trustee reached a settlement agreement where the Trustee would pay Debtor, and then Debtor would pay Geraci Law. [Doc 41 at pp. 1, 10.] Bankruptcy Rule 9019(a) addresses compromises and settlement agreements and states, "On the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement." Trustees must give notice to, among others, "all creditors." *Id.*

The Trustee never filed a motion to settle or compromise, nor did the Trustee give notice to creditors. And even if the Trustee did both things, parties may not enter into an agreement to circumvent the Bankruptcy Code. *Rogers*, 519 B.R. at 271 (explaining, "the Code is not preempted or supplanted by the supposed attorney's lien or [debtor's attorney] contract with the debtor."); *see generally In re FirstEnergy Sols.*

*Corp.*, 596 B.R. 631, 659 (Bankr. N.D. Ohio 2019) (citation omitted) (explaining that a party's right to contract around an essential provision of the Bankruptcy Code is pre-empted). Allowing parties to contract around the Code would render the Code useless. *In re Intervention Energy Holdings*, 553 B.R. 258, 263 (Bankr. D. Del. 2016) (quoting *In re 203 N. LaSalle St. P'ship*, 246 B.R. 325, 331 (Bankr. N.D. Ill. 2000)).

Further, no party would be able to enforce the parties' separate agreement. *Garris*, 496 B.R. at 354 (citations omitted) (explaining "[a] fee that is not enforceable under the Bankruptcy Code is not transformed by virtue of a private agreement, into an enforceable one after a case is dismissed, even if such an agreement would be otherwise enforceable under state law.") Geraci Law would be unable to collect fees without the Court's approval. *Rogers*, 519 B.R. at 271 (citing *Garris*, 496 B.R. at 353-54).

Additionally, the settlement would leave Debtor worse than she was before filing her bankruptcy petition. As the Brief says, if the Court dismissed the case and the Trustee gave the funds directly to Debtor, Debtor would now have "obligations to counsel." [Doc 41 at p. 11.] So, if the Court were to accept the Trustee's approach after the Court dismissed the case, Debtor would not be in the same position she was in before she filed her Petition. She would be in a less desirable position because she would have a new creditor – Geraci Law. If she did not pay Geraci Law and sought to file another bankruptcy petition, Geraci Law would be unable to represent her. In Debtor's hypothetical new petition, Debtor would list Geraci Law as a creditor and the attorneys would be in a position where they would be seeking to discharge the

fees Debtor owes them in this case and at the same time, seeking fees for representing Debtor in the new case.

Here, the Court declines to accept an unapproved, unenforceable settlement agreement. The Trustee must distribute payments as laid out in § 1326(a)(2). *In re Harris*, 258 B.R. 8, 14 (Bankr. D. Idaho 2000) (explaining that "Debtor's desires (or perhaps those of his attorney) should not be allowed to short circuit the operation of the Bankruptcy Code.") The Court will issue a separate order instructing the Trustee to do so.

## V. Brief's Shortcomings under Indiana Rules of Professional Conduct and the Federal Rules of Bankruptcy Procedure

The Seventh Circuit said, "judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). The Indiana Rules of Professional Conduct ("Ind. R. Prof. Cond.")[10] and the Federal Rules of Bankruptcy Procedure ("Fed. R. Bank. P.")[11] codify this sentiment. Under the Ind. R.

---

[10] The District Court's Local Rules state the Ind. R. Prof. Cond. apply to attorneys appearing in court. N.D. Ind. L.R. 83-5(e). Bankruptcy courts are units of the district court. 28 U.S.C. § 151. Therefore, Indiana Rules of Professional Conduct apply to attorneys practicing in this Court.

[11] Bankruptcy Courts interpreting Federal Rule of Bankruptcy Procedure 9011 may use Federal Rule of Civil Procedure 11 for guidance. *In re Brent*, 458 B.R. 444, 457 fn 9 (Bankr. N.D. Ill. 2011) (citation omitted); *In re McNichols*, 258 B.R. 892, 899 (Bankr. N.D. Ill. 2001) (citing *In re Famisaran*, 224 B.R. 886, 894 (Bankr. N.D. Ill. 1998)).

Rule 9011 was modeled after Civil Procedure Rule 11. *In re McNichols*, 258 B.R. 892, 899 (Bankr. N.D. Ill. 2001) (citing *In re Park Place Assocs.*, 118 B.R. 613, 616 (Bankr. N.D. Ill. 1990)); *In re Excello Press, Inc.*, 967 F.2d 1109, 1111 (7th Cir.1992); *see also In re Brent*, 458 B.R. 444, 457 fn 9 (Bankr. N.D. Ill. 2011) (citation omitted) (explaining that Rule 11 case law is helpful when analyzing Rule 9011).

Prof. Cond., attorneys must display competence under Rule 1.1;[12] present meritorious claims and contentions under Rule 3.1;[13] and have candor toward the tribunal under Rule 3.3.[14] *Davis v. Marion Co. Superior Ct Juvenile Detention Ctr, Kervan*, No. 1:24-CV-01918-JRO-MJD, 2026 WL 1408448, at *2 (S.D. Ind. May 20, 2026) (citing Ind. R. Prof. Cond.).

Under Fed. R. Bankr. P. 9011(b), when an attorney signs or files a document with the court, the attorney, among other representations, certifies that, to the best of the attorney's "knowledge, information, and belief formed after an inquiry reasonable under the circumstances:

…

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law; [and]
> (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

[12] Ind. R. Prof. Cond. 1.1 states, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[13] Ind. R. Prof. Cond. 3.1 says, "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established."

[14] Ind. R. Prof. Cond. 3.3(a) prohibits lawyers from making false statements of fact or law or offer evidence the lawyer knows to be false.

Rule 9011 is meant to "deter unnecessary filings, prevent the assertion of frivolous pleadings, and to require good faith filings." *In re McNichols*, 258 B.R. 892, 899 (Bankr. N.D. Ill. 2001) (citation omitted). Reasonable misconstruction of case law is not sanctionable; however, deliberately ignoring or misstating case law is a sanctionable offense. *Hess v. Biomet, Inc.*, No. 3:16-CV-208 JD, 2022 WL 2314885, at *19 (N.D. Ind. June 28, 2022)[15] (citation omitted). Actions such as deliberately misstating case law, not indicating to the court that a quotation was altered, relying on cases not legally relevant to the issue, and misrepresenting quotations or including misleading quotations have all been found as sanctionable conduct. *Hess v. Biomet, Inc.*, No. 3:16-CV-208 JD, 2022 WL 2314885, at *19-20 (N.D. Ind. June 28, 2022). When attorneys assert law that "a reasonable attorney in like circumstances could not have believed [their] actions to be legally justified" there has been a violation of Rule 9011(b)(2). *In re Kersner*, 412 B.R. 733, 745 (Bankr. D. Md. 2009) (citation modified).

The Court was prepared to hear arguments on the Trustee's Objection. But the Trustee was not prepared and asked for additional time to file a supporting Brief. The Court granted the Trustee's request and gave her 34 days to file the Brief. Still, the Court had to hunt for the arguments buried in the Trustee's Brief. Some errors could be seen as a reasonable misconstruction of case law. Other arguments, some discussed above, and others included below, misstated case law, did not indicate that

---

[15] In *Hess,* the District Court examined Fed. R. Civ. P. 11 and required defense counsel to show cause why they should not be sanctioned. 2022 WL 2314885, at *19, 21.

quotations were altered, and relied on cases not legally relevant. Accordingly, the Court found that the Trustee's Brief included statements for which the Court may sanction.

Figure 3 below cites the 13 deficient arguments previously mentioned above; captures additional questionable arguments, misleading quotes, a non-existent Bankruptcy Rule; internally inconsistent and contradictory arguments; and describes other problems with the Trustee's Brief. The Court would not have a problem if the issues below were isolated, or if only a few of them appeared. But collectively, they may suggest that the Trustee has violated one or more of the Ind. R. Prof. Cond or Fed. R. Bank. P 9011.

**Figure 3[16]: Deficiencies in the Trustee's Brief**

| Issue | The Trustee's Brief Says | Why the Brief is Wrong |
| --- | --- | --- |
| 1) | "Trustee contends that she has established cause for denial of Debtor's Application for Compensation as originally submitted only to the extent the Court intends to order such payment to be made to counsel directly from Trustee as conduit, contrary to Marshall v. Johnson, 100 F.4th 914, 917 (7th Cir. 2024)…" [p. 1.] | The Brief takes *Marshall* out of context. *Marshall* concluded that the Chapter 13 trustee must return her fee. *Marshall*, 100 F.4th at 916. *Marshall* did not state that the trustee must return the fees to the debtor and not debtor's counsel. *Marshall* never mentions § 349. |
| 2) | "[C]ontrary to the agreement that the parties negotiated (consisting of an offer, acceptance, consideration and a meeting of the minds of the contracting parties) and submitted by Debtor in her proposed order." [p. 1.] | No Agreement was filed with the Court. |
| 3) | "[D]espite the noted agreement between the parties and the negotiated proposed order…" [p. 2.] | No Agreement was filed with the Court. |
| 4) | "In particular, § 503(b) allows as an administrative claim and expense only 'after notice and a hearing.' Therefore, if there has been no notice or hearing, and thus no administrative claim allowed prior to dismissal, the question is if there even can be an administrative claim." [p. 4.] | The Brief implies there was no "notice and hearing."<br><br>"Notice and hearing" has a specific meaning in bankruptcy. Under § 102(1)(B), "In this title – 'after notice and a hearing', or a similar phrase – authorizes an act without an actual hearing if such notice is given properly, and if – such a hearing is not requested timely by a party in interest; or |

[16] This chart follows Trustee's Brief, Doc 41, in chronological order.

| Issue | The Trustee's Brief Says | Why the Brief is Wrong |
|---|---|---|
| | | there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act(.)" |
| 5) | "And Section 503(b) provides that a claim is allowed only after notice and hearing." [p. 6.] | As stated above, the Brief implies there was no "notice and hearing," but that assertion is not true. |
| 6) | "Indeed, as the Supreme Court reminds us, if an interpretation of one provision 'would render another provision superfluous, **courts presume that interpretation is incorrect**.'" Bilski v. Kappos, 561 U.S. 593, 607–08, 130 S.Ct. 3218, 177 L.Ed.2d 792 (2010)." [p. 6] (emphasis added). | The bolded part of the quotation does not appear in *Bilski*. |
| 7) | "The Trustee must convey the estate back immediately, without providing for attorney fees, especially where such fees were not allowed prior to dismissal." *In re Ward*, 523 B.R. 142, 147-148 (E.D. Wis. 2014). [p. 7.] | This citation misstates *Ward*'s holding. After the bankruptcy case was appealed to the district court, the district court disagreed with the bankruptcy court's reasoning but affirmed the bankruptcy court because the judge did not abuse his discretion. *Ward*, 523 B.R. at 148, 151. What the Trustee cited is a portion of the opinion, where the district court discussed the different approaches to § 1326(a)(2) and § 349(b)(3). The reasoning the district court used is the opposite of what the Trustee argues. The district court stated, "11 U.S.C. § 1326(a)(2) applies, by its plain terms, applies much more closely to this case than 11 U.S.C. § 349(b)(3), which would apply only to the |

| Issue | The Trustee's Brief Says | Why the Brief is Wrong |
|---|---|---|
| | | pre-petition estate. In turn, 11 U.S.C. § 1326(a)(2) calls for the trustee to disburse the funds after deducting *allowed* administrative expenses, such as attorneys' fees." *Id.* at 148 (emphasis in original). |
| 8) | "Any administrative claim paid by the estate must be for the purpose of 'preserving the estate.'" [p. 7.] | This statement is not true in Chapter 13 cases. As previously discussed, § 330(a)(4)(B) creates an exception in Chapter 13 cases for a debtor's attorney. *Walsh*, 538 B.R. at 475 (citations omitted); *Rogers*, 2023 WL 6938150, at *2; 3 Collier on Bankruptcy P 330.03[1][b][v] (16th 2026).<br><br>The Brief never mentions § 330(a)(4)(B). This omission suggests a lack of competence. As the standing Chapter 13 Trustee, the Court expected the Trustee to explain why this exception does not apply. |
| 9) | "F.R.B.P. Rule 1019(6) unequivocally provides that a request for administrative expense incurred before conversion is 'timely" under §503(a) of the Code if it is filed before conversion or a time fixed by the court." [p. 8.] | Fed. R. Bank. P. 1019(6) does not exist. Rule 1019 exists, but it addresses conversion. Here, Debtor never moved to convert her case. |
| 10) | "Therefore, if there has been no notice or hearing, and thus no administrative claim allowed prior to | The Brief says there was no "notice and hearing." That statement is incorrect. There was a hearing on the Trustee's objection. [Doc entry 01/22/2026.] There was not a hearing on the reasonableness of |

| Issue | The Trustee's Brief Says | Why the Brief is Wrong |
|---|---|---|
| | dismissal, the question is if there can even be an administrative claim." [p.4.]<br><br>"Trustee does not contest counsel's entitlement to some amount of fees amounting to a debt owing by the Debtor despite the lack of hearing to meet their burden of proof." [p. 9.] | fees because the Trustee did not object to reasonableness or entitlement of fees. In fact, the Trustee explicitly says she is not contesting entitlement to fees.<br><br>"Notice and hearing" has a specific meaning in bankruptcy. Under § 102(1)(B), "In this title – 'after notice and a hearing', or a similar phrase – authorizes an act without an actual hearing if such notice is given properly, and if – such a hearing is not requested timely by a party in interest; or there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act …" |
| 11) | "Trustee fees are not compensation to the Trustee, but instead are reimbursement to the Trust for costs, and based upon the budget of the Trust the percentage fee of such costs for each compliant debtor in an active chapter 13 case is set to cover all costs, with the Trust remaining non-profit. In other words, shifting costs for disbursements that are not required to be made by the Trust to the Trust by ordering such disbursements shifts those costs to all other debtors." [p. 9.] | As stated above, this statement has nothing to do with this case and appears to have been cut and pasted from the Trustee's briefs in other cases. |
| 12) | "[C]ontrary to the agreement that the parties negotiated (consisting of an offer, acceptance, consideration and a meeting of the minds of the | No Agreement was filed with the Court. |

| Issue | The Trustee's Brief Says | Why the Brief is Wrong |
|---|---|---|
| | contracting parties) and submitted by Debtor in her proposed order." [p. 10.] | |
| 13) | *In re Hamilton*, 493 B.R. 31, 38 (Bankr. M.D. Tenn. 2013) supports the Trustee's position. [Doc 41 at p. 11.] | The Brief does not mention that *Hamilton* involved a confirmed plan or that *Hamilton* is consistent with the Court's order. |

## VI. Conclusion

The Court rejects the Trustee's arguments. First, the majority approach to the §§ 1326(a)(2) – 349(b)(3) divide is the better approach. But even if the Court applied the minority approach, the result would be the same. Geraci Law is entitled to the administrative expense it seeks, and the Trustee must disburse the funds to Debtor's attorneys. To the Trustee's second argument, the Trustee is wrong about "binding" case law. There is no binding case law that says the Trustee must disburse the funds to Debtor, and then Debtor will disburse those funds to Debtor's attorneys.

The Trustee's third argument, the harm created by a contrary ruling, does not apply to these facts, and it appears to be cut and pasted from previous briefs. The fourth argument, Debtor's ability to compromise, lacks support from the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and case law.

The Court will enter two separate orders. The first will award Geraci Law its request for compensation as an allowed administrative expense under § 503(b). The Trustee will distribute the funds in accordance with § 1326(a)(2), meaning the Trustee must first distribute $1,785 to Debtor's attorney as an allowed administrative expense before distributing any remaining funds to Debtor. The second order will direct the Trustee to show cause in writing and at a hearing, why she should not be sanctioned for the 13 issues highlighted in Figure 3.

SO ORDERED.

Date: June 10, 2026

Paul E. Singleton

PAUL E. SINGLETON
*United States Bankruptcy Judge*